David Abrams, Attorney at Law
305 Broadway Suite 601
New York, New York 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York
_____
                                                )
Feng Xue & Calculus Trading      )
Technology LLC                          )
                                                )
                    Plaintiff,            )
                                                )
         - against -                      )          Case No.
                                                )
Stewart Koenig  &                     )
Prime Consulting International LLC,  )
                                                )
                    Defendants.       )
_____)

# COMPLAINT

Plaintiffs, complaining of the Defendants by their attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

**I.      Introduction**

1. This is an action for failure to earned wages, minimum wages, and overtime wages.

**II.     Parties**

2. Plaintiff Feng Xue ("Mr. Xue") is a natural person who resides in New Jersey.

3. Plaintiff Calculus Trading Technology LLC ("Calculus") is a Limited Liability Corporation controlled by Mr. Xue.   Calculus is a vehicle by which the Defendants in this matter paid Mr. Xue corp-to-corp.

4. Defendant Stewart Koenig ("Mr. Koenig") is a natural person who, upon information and belief, resides in the State of New York. Mr. Koenig is the principal of Defendant Prime Consulting International LLC.

5. Defendant Prime Consulting International LLC ("Prime") is a New York Limited Liability Company headquartered in Westchester County New York. Prime is essentially a staffing agency.

### III. Jurisdiction and Venue

6. The Court has subject matter jurisdiction in that Plaintiff is seeking recovery under the Fair Labor Standards Act and the remaining claims form part of the same case or controversy.

7. The court has personal jurisdiction over the Defendants in that this matter arises from their activities in the State of New York, specifically operating the agency which employed the Plaintiffs.

8. Venue is proper in the Southern District of New York in that the Defendants' headquarters are located in Westchester County.

### IV. Background

9. Mr. Xue was employed by the Defendants in an assignment as a software developer for a third-party customer of the Defendants. This arrangement lasted for approximately 12 years although the identity of the customer to which Plaintiff was assigned was not constant throughout Mr. Xue's tenure.

10. Thus, Mr. Xue was jointly employed by the Defendants and the Defendants' third-party customer.

11.     Nominally, Mr. Xue was paid corp to corp i.e. his earnings would be paid by Defendant Prime to Plaintiff Calculus, although in essence Mr. Xue was an individual worker. Thus, Calculus is an organization composed of one natural person.

12.     Mr. Xue's last day of employment on or about December 31, 2017.

13.     Mr. Xue's agreed-upon rate of pay was $110 per hour.  He was not paid approximately his last 3 months of work.

14.     Mr. Koenig was responsible for Mr. Xue's terms and conditions of employment in that he was responsible for negotiating and setting up Mr. Xue's rate of pay; days and hours of work; and had authority to hire and fire Mr. Xue.

15.     In addition to the 3 months for which Mr. Xue was paid nothing at all, he worked approximately 15 to 20 hours a month of overtime for which he was not paid an overtime premium.

16.     Mr. Xue's work was performed by him in both New Jersey and New York City.

17.     Despite due demand, Plaintiffs have not been paid.

Count One:     Violation of the Fair Labor Standards Act

18.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

19.     Mr. Xue was "in commerce" within the meaning of the Fair Labor Standards Act in that he regularly used the facilities of interstate commerce as an essential part of the performance of his job duties.  For example, he regularly sent e-mails across state lines to communicate between the New Jersey and New York offices of the Defendants' customer.

20.	Prime violated the Fair Labor Standards Act in that Mr. Xue was not paid the minimum wage for his work in the last 3 months of 2017.  Additionally, Mr. Xue was not paid overtime premiums when he worked in excess of 40 hours per week but was instead paid "straight time."

21.	Additionally, Mr. Koenig is an individual employer within the meaning of the applicable law and is therefore individually liable.

<u>Count Two:    Violation of the State Labor Law</u>

21.	The allegations contained in the preceding paragraphs are incorporated as if restated herein.

22.	Prime violated the New York Labor Law in that Mr. Xue was not paid the minimum wage for his work in the last 3 months of 2017.  Additionally, Mr. Xue was not paid overtime premiums when he worked in excess of 40 hours per week but was instead paid "straight time."  Additionally, Mr. Xue was not paid his earned wages and not given proper notices under the Wage Theft Prevention Act.

23.	Additionally, Mr. Koenig is an individual employer within the meaning of the applicable law and is therefore individually liable.

24.	In the alternative, the Defendants are liable under New Jersey Labor Law to the extent New Jersey law applies to the services performed by Plaintiffs.

<u>Count Three:   Common Law Failure to Pay Wages</u>

24.	The allegations contained in the preceding paragraphs are incorporated as if restated herein.

25.	Defendant Prime failed to pay earned wages to the Plaintiffs.

### Count Four:  Quantum Meruit

26. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

27. Alternatively, Defendant Prime is liable in quantum meruit to Plaintiff due to the services he performed for which he was not paid.

### Count Five:  Violation of the Freelancing Isn't Free Act

28. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

29. Plaintiffs are covered by the Freelancing Isn't Free Act in that Plaintiff Calculus is an organization which is comprised of one person.

30. Defendants violated the Freelancing Isn't Free Act by failing to provide a conforming contract and failing to pay Plaintiffs' earnings timely.

WHEREFORE  Plaintiffs demand judgment against the Defendants in the amount of their unpaid wages, unpaid overtime wages liquidated damages, minimum wages, interest, attorneys fees, and such other and further relief as the Court deems just, in an amount not to exceed $150,000.

                                        Respectfully submitted,

                                        _____

                                        David Abrams
                                         Attorney for Plaintiff

                                        305 Broadway Suite 601
                                        New York, NY 10007
                                        Tel. 212-897-5821

Dated:      New York, NY
              August 15, 2019