UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
XUE, ET AL.,                                     :

                Plaintiff,             :        ORDER
                                                  19-cv-7630 (NSR) (LMS)
                -against-              :

KOENIG, ET AL.,                                  :

                Defendants.            :
---------------------------------------------------------------x

       In order to facilitate the progress of pre-trial discovery of this litigation in a just, speedy and inexpensive manner, to insure compliance with the case management plan, and to prevent the accumulation of unresolved discovery issues, the following procedures will be followed for the resolution of discovery disputes:

       The party objecting to disclosure, claiming an insufficient response to a discovery request, or asserting a privilege bears the burden of coming forward by bringing the dispute to the attention of the court as hereinafter set forth.

       The objecting party has <u>3 business days</u> to attempt an amicable resolution of the dispute. If the dispute is not affirmatively resolved within 3 business days, the objecting party then has <u>5 business days</u> to bring the issue to the attention of the court by a letter brief limited to two (2) double spaced pages. Opposing parties have <u>5 business days</u> thereafter to submit a two (2) page double spaced answering letter brief. If appropriate, counsel may annex to the letter briefs relevant portions (only) of relevant documents. Written replies will not be accepted. If the court deems it necessary, the parties will have an opportunity to make oral replies to points made in the letter briefs on the return day of the matter.

       When a legal privilege is asserted as a basis for refusing to comply with a discovery

demand, the party asserting the privilege has 3 business days to attempt an amicable resolution of the dispute.  If the dispute is not affirmatively resolved within 3 business days, the party asserting the privilege then has 5 business days to bring the issue to the attention of the court by a letter brief limited to two (2) double spaced pages, accompanied by a privilege log in full compliance with Local Civil Rule 26.2(a)(1) and (2), and an *in camera* submission of legible copies of any material to which the privilege is asserted.  If disclosure of the privilege would result in a revelation of privileged information, the party asserting the privilege shall file the log *in camera* with the court, and serve a redacted log on the adverse party.  Opposing parties have 5 business days to serve and file an answering two (2) page double spaced letter brief.  No written replies will be accepted.  If the court deems it necessary the parties will have an opportunity to make oral replies to points raised in the letter briefs on the return day of the matter.

A dispute arises on the day when the discovery request or discovery response objected to is received by the adverse party.  The time for asserting a privilege starts 5 business days from the day when counsel for the objecting party receives the documents from his or her client, but in no event more than 30 days from the date when the documents are demanded, unless otherwise ordered by the court.

The time limitations set forth herein and in scheduling orders made by the court, whether oral or in writing, are to be strictly observed, and the parties and counsel are not authorized to extend any of the set time limitations without the prior approval of the court.  Any objection to discovery which is not raised within these time limitations will be waived.

On matters assigned for pre-trial supervision any party wishing to file objections to a discovery ruling entered orally on the record shall, on the day of the ruling, order a transcript of the record setting forth the ruling.  The transcript shall be ordered on a two (2) day expedited

basis. The party shall then have <u>fourteen (14) days</u> from the date of the receipt of the record to file the objections with the assigned District Judge. A failure to order the record in accordance with these directions may result in a failure to timely file objections.

The attention of counsel and the parties is respectfully directed to Federal Rule of Civil Procedure 30(d) regarding the conduct of depositions. If a privilege objection is raised at a deposition counsel are directed to contact chambers by telephone from the deposition for a ruling.

Dated: February 7, 2020
      White Plains, New York

SO ORDERED: _____
Hon. Lisa Margaret Smith
U.S.M.J.