## GORDONLAW LLP

Michael R. Gordon
mgordon@gordonlawllp.com

June 30, 2021

**BY ECF and EMAIL [RomanNYSDChambers@nysd.uscourts.gov]**

Hon. Nelson S. Román, United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re:     *Xue et al v. Koenig et al,* **S.D.N.Y. Civ. No. 19 cv 07630 (NSR)**

Dear Judge Román:

We are attorneys for Defendants Prime Consulting International, LLC ("PCI") and Stewart
Koenig. We hereby respond to the June 29, 2021 letter-motion from Plaintiffs' counsel for leave
to move for (*a*) judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) dismissing
Defendants' Amended Counterclaims and (*b*) partial summary judgment pursuant to Fed. R. Civ.
P. 56 on certain invoices that Plaintiff Calculus issued to PCI and claims should have been but
were not paid. For the reasons set forth below, Plaintiffs' request should be denied.

**A.     Plaintiffs' Request should abide a decision on Defendants' pending motion**

No further motions should be made until this Court decides Defendants' pending motion to
dismiss for lack of subject matter jurisdiction. *See* ECF Doc. No. 47. If that motion is granted
and the case dismissed for lack of subject matter jurisdiction, there will be nothing for the Court
to decide. If that motion is denied, the Court can, at that time, take up Calculus' application for a
pre-motion conference. For now, Plaintiffs' request should abide the outcome on Defendants'
pending motion to dismiss for lack of subject matter jurisdiction.

**B.     Plaintiffs' Request is untimely**

Plaintiffs' request for a pre-motion conference is untimely. On March 22, 2021, this Court
dismissed certain of Defendant PCI's Counterclaims without prejudice to PCI repleading. *See*
ECF Doc. No. 66. As part of its March 22 Opinion and Order, the Court gave Plaintiffs until
May 12, 2021 to answer the amended counterclaims, which were filed on April 8, 2021, or seek
a pre-motion conference on a motion to dismiss. *Id.* at p. 20; *see also* ECF Doc. No. 67
(Amended Answer and Counterclaims). Plaintiffs chose to file an Answer to the Amended
Counterclaims. *See* ECF Doc. No. 68. They did not seek a pre-motion conference within the
time allotted to them; instead, they waited some six weeks after the deadline before requesting a
pre-motion conference. This is not some hypertechnical objection: in the interim between the

Hon. Nelson S. Román
June 30, 2021
Page | 2

issuance of the March 22 Opinion and Order and today, Plaintiffs persuaded Magistrate Judge Krause to lift a deposition stay that had been put in place in June 2020 so that they could depose Defendant Koenig on, among other things, the Counterclaims. *See* April 28, 2021 Minute Entry. If Plaintiffs believed they had a non-frivolous basis to move to dismiss the Counterclaims, they should have sought a pre-motion conference before May 12, 2021, the time set by this Court to make such a request. Plaintiffs' June 29, 2021 request should be denied as untimely.

**C.     A pre-motion conference is unnecessary because the proposed motions would be meritless and wasteful**

A pre-motion conference is unnecessary because the motions Plaintiffs propose to make would be entirely meritless and wasteful.

*First*, it is not true, as Plaintiffs contend, that Defendants seek recovery under the Non-Compete Agreement that this Court rejected in its March 22 Opinion and Order as a basis for a claim. We recognize the Court's dismissal of any claims under that contract and have limited the relief we seek only to claims predicated on an implied consulting agreement, the key terms of which are pled, and an indemnification agreement, the key terms of which are pled. *See* ECF Doc. No. 67 (Amended Answer and Counterclaims), ¶¶ 85 and 110. References to the Non-Compete were for background reference only.

*Second*, it is not true that the Appellate Division, First Department, decision in *Robinson v. Great Performances/Artists As Waitresses*, 2021 N.Y. App. Div. LEXIS 2871, 2021 NY Slip Op 02769, 2021 WL 1740623 (1st Dep't May 4, 2021) nullifies Plaintiff Calculus' indemnification obligation. *Robinson* held that an alleged employer cannot seek indemnification from a third-party vendor for the defense costs incurred by the alleged employer defending against New York State labor claims brought by alleged employees. *Robinson* held that the alleged indemnitor could not be required to indemnify the alleged employer because the alleged indemnitor had not aggrieved the alleged employees. *Robinson* made clear that it was the circumstances of that case that required the dismissal of the indemnity claim: the alleged employer kept all of the disputed funds (tips and such) that allegedly should have been passed on to the alleged employees and gave none of it to the alleged indemnitor. Contrast that situation with the one at bar, where the indemnitor, Calculus, took every dollar allegedly due to its employee, Xue. Thus, in *Robinson*, the indemnitor had nothing to do with the diversion of monies allegedly due and owing to the alleged plaintiffs-employees, whereas at bar the alleged indemnitor, Calculus, issued invoices for the subject payments and was paid pursuant to those invoices. *Robinson* is thus inapposite because the predicate for the contractual and public policy rationales are not present.[1]

---

[1]     In any event, contrary to Plaintiffs' contention, this Court is not "bound" by the conclusions of the First Department, as the issue at hand, whether to defer the issue of the validity of the indemnity obligation until the employer issue is resolved, is a matter of federal law, and "[a]bsent a rule of decision formulated by the New York Court of Appeals, [federal courts] are not bound by the opinions issued by the state's lower courts.". *Calvin Klein, Ltd. v. Trylon Trucking Corp.*, 892 F.2d 191, 195 (2d Cir. 1989).

GORDONLAW LLP
www.gordonlawllp.com

51 Bedford Road, Suite 10, Katonah, NY 10536
200 Park Avenue, Suite 1700, New York, NY 10166

D 914.232.9500
M 914.671.6873
F 914.992.6634

Hon. Nelson S. Román
June 30, 2021
Page | 3

*Third*, Plaintiffs' attack on PCI's counterclaim for tortious interference with contract fails. Contrary to Plaintiffs' contention, PCI pled that Cowen, the non-party that is the subject of the claim, breached its contract with PCI. *See* ECF Doc. No. 67, at ¶ 95 ("Cowen's decision to terminate the PCI-Cowen contract was a breach of that contract."). Plaintiffs' second attack, that the words they used to induce Cowen to breach its contract with PCI were innocuous, fails as a basis for dismissal because the Amended Answer plainly alleges tortious conduct – false and damaging statements by Plaintiffs causing a contract breach. *See id.*, ¶¶ 68-72. Plaintiffs' effort to sanitize its conduct by arguing that the manner in which they induced Cowen's breach was not wrongful is for a jury at trial, not for judgment on the pleadings, especially since Defendants have not yet had an opportunity to depose anyone on the statements Plaintiffs made to Cowen to induce its breach. [2] Therefore, the attack on the tortious interference claim likely will fail.

*Fourth*, Plaintiffs' request to move for partial summary judgment on approximately $50,000 of invoices PCI allegedly owes to Calculus should be denied because that too is a factual matter that cannot be resolved until discovery fully resumes and that should ultimately be left to the jury. As noted above, PCI has not yet had an opportunity to depose Plaintiffs or non-party Cowen witnesses on the validity of those invoices and the Counterclaims. Until Defendants take those depositions, Plaintiffs' summary judgment motion on the invoices should not be entertained.

*Fifth*, even if the Court were to agree that the subject invoices should have been paid, it would be wasteful to litigate that issue by summary judgment motion, because any summary judgment in favor of Plaintiffs likely would be stayed pending determination of the counterclaims. *See* Fed. R. Civ. P. 62(h). We respectfully submit that the most efficient and economical way to address the invoice issue (pursuant to Fed. R. Civ. P. 1) would be for this Court to decide Defendants' pending motion to dismiss. If the Court agrees with us that it lacks subject matter jurisdiction and dismisses the case, the issue can be raised in state court; if, on the other hand, the Court denies our motion to dismiss, the issue can be addressed in discovery and then submitted to the jury to decide whether the net monies owed flow from PCI to Calculus or Calculus to PCI.

Respectfully yours,

Michael R. Gordon

cc:     David Abrams, Esq. (by ECF and email)

---

[2]      A general deposition stay remains in place pending the outcome of Defendants' motion to dismiss. Plaintiffs were able to depose Defendant Koenig because Judge Krause carved that deposition out of the stay, at Plaintiffs' request. *See* minute entries for June 26, 2020, September 8, 2020, January 8, 2021 and April 28, 2021 and Order dated February 22, 2021. All other depositions remain stayed.

GORDONLAW LLP
www.gordonlawllp.com

51 Bedford Road, Suite 10, Katonah, NY 10536
200 Park Avenue, Suite 1700, New York, NY 10166

D 914.232.9500
M 914.671.6873
F 914.992.6634