UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FENG XUE and CALCULUS TRADING
TECHNOLOGY, LLC**,**
                                    Plaintiffs,

        -against-


STEWART KOENIG and PRIME CONSULTING
INTERNATIONAL, LLC,

                                    Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/24/2025____

No. 19-cv-07630 (NSR) (AEK)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Defendants Prime Consulting International, LLC ("PCI") and Stewart Koenig (together, "Defendants") move for an Order, pursuant to 28 U.S.C. § 1292(b), seeking to certify for interlocutory appeal to the Second Circuit Court of Appeals this Court's March 31, 2024 Opinion & Order (the "March 2024 Order," ECF No. 99) which denied Defendants' Motion for Reconsideration of this Court's September 14, 2022 Opinion & Order (the "September 2022 Order," ECF No. 78), (a) denying Defendants' motion to dismiss Plaintiffs Feng Xue's ("Xue") and Calculus Trading, LLC's ("Calculus") (collectively, "Plaintiffs") FLSA claims and (b) granting Plaintiffs' motion to dismiss Defendants' amended counterclaims. (ECF No. 109–111.[1]) Defendants also move for a stay of this case, including Plaintiffs' motion for partial summary judgment (ECF No. 115), pending consideration of Defendants' motion for interlocutory appellate

---

[1] On May 23, 2024, without leave from this Court, or notice on the record, Defendants filed a Motion to Stay and a Motion for Certificate of Appealability ("Motions.") at ECF No. 109. Defendants also filed a Declaration ("Defts. Decl.") and Memorandum in Support ("Defts. Mem") at ECF Nos. 110 and 111, respectively. Defendant filed a letter at ECF No. 112, requesting an update on the pending Motions. While Plaintiffs did not file a formal opposition, they filed a letter at ECF No. 113 addressing Defendants' letter at ECF No. 112 in case the Court planned to treat it as a request for a premotion conference. Plaintiffs opposed Defendants' request for the Motions and described Defendants' application as "an obvious delay tactic" as Defendants "could have requested [the Motions]" when the September 2022 Order was issued nearly two years prior. (ECF No. 113.)

1

review and, if granted, that appellate review.

For the reasons that follow, the Court DENIES Defendants' Motions to certify an interlocutory appeal and stay the action.

## BACKGROUND

As stated in the March 2024 Order, and the prior related Opinions by this Court, this action concerns a wage dispute between Xue, a software engineer, who received employment with a third party through Koenig's staffing agency, PCI. (Compl., ECF No. 1.) The parties worked together for over twelve years—from 2005 until December 2017. On August 15, 2019, Plaintiffs commenced the instant action asserting wage-related claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (ECF No. 1.) On October 25, 2019, PCI and Koenig answered by filing of affirmative defenses and counterclaims sounding in tort and contract law. (ECF No. 9.) Defendants PCI and Koenig asserted in their counterclaims that Plaintiffs breached three out of the four contracts the parties entered throughout their 2005–2017 relationship, by either (1) initiating FLSA claims in this action; or (2) leveraging the specter of FLSA violations to take one of Defendants' clients, namely BNY-Cowen. (*Id.*)

Defendants later moved to dismiss Plaintiffs' FLSA claims for lack of subject matter jurisdiction and for summary judgment, respectively under Federal Rules of Civil Procedure 12(b)(1) and 56 (ECF Nos. 49–57), while Plaintiffs moved to dismiss Defendants' amended counterclaims (ECF Nos. 72–76). On September 14, 2022, the Court denied Defendants' motions to dismiss Plaintiff's FLSA claims for lack of subject matter jurisdiction and for summary judgment and granted Plaintiffs' motion to dismiss Defendants' amended counterclaims. (*See* ECF No. 78.)

Defendants then moved, pursuant to Fed. R. Civ. P. 54(b) and Local Rule 6.3, for reconsideration of the Court's September 14, 2022 Opinion & Order. (*See* ECF No. 84.) Plaintiffs

filed an opposition. (ECF No. 89.) The March 2024 Order denied Defendants' motion for reconsideration. (ECF No. 99.) Defendants now move to certify for interlocutory appeal to the Second Circuit Court the March 2024 Order denying Defendants' Motion for Reconsideration of the September 2022 Order. Specifically, Defendants seek the certification of the following question for interlocutory appellate review:

> "To what extent does an individual's election to form an LLC through which to render services to a supposed employer, to maintain that LLC for more than a decade, and to enjoy substantial financial and other benefits from his election preclude him from claiming FLSA employee status, where the individual never met the supposed employer, never went to the office where the supposed employer worked, never disputed the contractual relationship between his LLC and the supposed employer, and never took direction from the supposed employer?" (Defts. Mem. at 2.)

## LEGAL STANDARD

**Interlocutory Appeal Under 28 U.S.C. § 1292(b)**

A court may certify an order for interlocutory appeal when it involves (1) a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from which may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The moving party has the burden of establishing all three substantive criteria. See *Jackson v. ProAmpac LLC*, No. 7:22-CV-03120 (NSR), 2024 WL 3378036, at *1–2 (S.D.N.Y. July 11, 2024) (citing *Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005); *see also German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995) ("[T]he test for certifying an issue is a three-part test. Each prong must be satisfied."). Even when the statutory conditions are met, "[d]istrict court judges have broad discretion to deny certification." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370-71 (S.D.N.Y. 2008); *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 166 (E.D.N.Y. 1999) (stating that the court's authority to deny certification, even in situations where the three statutory elements are met, is

"independent" and "unreviewable") (internal citation omitted). In addition, interlocutory appeals are strongly disfavored in federal practice. *In re Facebook, Inc.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014); *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010).

For these reasons, § 1292(b) certification should be "rare," and reserved for "exceptional circumstances." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996); *In re Ambac*, 693 F. Supp. 2d at 282; *see also Lidle v. Cirrus Design Corp.*, No. 08-CV-1253 (BSJ) (HBP), 2010 WL 4345733, at *1 (S.D.N.Y. Oct. 29, 2010) ("[T]he power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law.... Only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.")

## DISCUSSION

### I.    Defendants are Not Entitled to a Certificate of Appealability

The Court rejects Defendants' application for a certificate of appealability because Defendants failed to demonstrate both that the March 2024 Order identifies a controlling question of law and that there is a substantial difference of opinion regarding the preemption of this litigation. Even if a reversal of the September 2022 Order would terminate this action, certification is not warranted.

§ 1292(b) "permits a district court, in its discretion, to certify an interlocutory appeal where the decision at issue (1) involves a controlling question of law (2) as to which there is substantial ground for a difference of opinion and (3) as to which an immediate appeal may materially advance the ultimate termination of the litigation." *See Capri Sun GmbH v. Am. Beverage Corp.*, No. 19 Civ. 1422 (PAE) (VF), 2022 WL 3137131, at *3 (S.D.N.Y. Aug. 5, 2022) (citation omitted). "The

movant bears the burden of demonstrating that all three of the substantive criteria are met." *Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *3 (S.D.N.Y. Aug. 4, 2021). Where a movant fails to satisfy any one of the three statutory criteria, the court may not certify the appeal. *See Dill*, 2021 WL 3406192, at *7; *S.E.C. v. Straub*, No. 11 Civ. 9645, 2013 WL 4399042, at *2 (S.D.N.Y. Aug. 5, 2013) ("These three criteria are conjunctive, not disjunctive, and courts may only certify an interlocutory appeal where all three are satisfied." (citation omitted)). Certification is "strongly disfavored," *Adar Bays, LLC v. Aim Expl., Inc.*, 310 F. Supp. 3d 454, 456 (S.D.N.Y. 2018), and reserved for "exceptional circumstances," *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (citation omitted). Even when the elements of section 1292(b) are satisfied, the "district court retain[s] unfettered discretion to deny certification," *Dill*, 2021 WL 3406192, at *4.

Here, Defendants fail to demonstrate that the March 2024 Order denying Defendants' motion to reconsider presents a controlling question of law. "A question of law is 'a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.'" *Chenault v. Gen. Motors LLC*, No. 16-CV-3764(RA), 2017 WL 698387, at *2 (S.D.N.Y. Feb. 21, 2017); *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008). That is not the case here. Defendants contend that "the impact of a putative employee electing to operate behind an LLC controls the outcome of this case." (Defts. Mem. at 8.) However, the core question requires a fact-intensive analysis and cannot be quickly and cleanly decided without having to study the record. The Court concludes that as "a mixed question of law and fact, [and] not a controlling issue of pure law," the March 2024 Order is "not appropriate for certification pursuant to 28 U.S.C. § 1292(b)"). *See* S.*E.C. v. First Jersey Sec., Inc.*, 587 F. Supp. 535, 536 (S.D.N.Y. 1984).

Further, Defendants fail to demonstrate that there exists a substantial difference of opinion. "Substantial ground for a difference of opinion," such as would support interlocutory appeal of controlling question of law, must arise out of a genuine doubt as to whether the district court applied the correct legal standard in its order, and this requirement may be met when (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression; the district court must analyze the strength of the arguments in opposition to the challenged district court order when deciding whether the issue for interlocutory appeal is truly one on which there is substantial ground for dispute. *Consub Delaware LLC v. Schahin Engenharia Limitada*, S.D.N.Y. 2007, 476 F. Supp. 2d 305, *affirmed* 543 F.3d 104. Defendants rely on *Holick v. Cellular Sales of New York, LLC*, No. 1:12-CV-584 (DJS), 2020 WL 13281260 (N.D.N.Y. May 29, 2020) for the proposition that "[c]ourts are 'somewhat divided [ ] as to the importance of the manner in which the working relationship is treated for tax purposes." (Deft. Mem at 9.) "Somewhat divided" does not sufficiently demonstrate that there exists a substantial difference of opinion. Notably, by Defendants' own admission, the "Second Circuit Court of Appeals has taken note of a person's self-designation as an independent contractor for tax purposes in deciding whether that person qualifies for FLSA treatment." (Deft. Mem at 4.) *See e.g.*, *Saleem v. Corp. Transportation Grp., Ltd.*, 854 F.3d 131, 141 (2d Cir. 2017) (quoting *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988)). Therefore, the question proffered for interlocutory appeal is not one of first impression and aligns with controlling precedent of Second Circuit. *Walker v. Eastern Air Lines, Inc.*, S.D.N.Y. 1992, 785 F. Supp. 1168. Even if Defendant would have adequately demonstrated this element, the 28 U.S.C. § 1292(b) standard is conjunctive and unless all three elements are satisfied, the request does not warrant certification. Further, even when the statutory conditions are met, "[d]istrict court judges have broad discretion to deny certification." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370-71 (S.D.N.Y. 2008).

## II.    Timing

While not a requirement for the analysis under 28 U.S.C. § 1292(b), the Court notes the timing of Defendants' Motions. While neither § 1292(b) nor Federal Rule of Civil Procedure 5(a), which governs petitions for permission to appeal, specify a time in which a party must move for the order itself to be certified for interlocutory appeal, "courts have held that any delay in seeking amendment and certification 'must be reasonable.'" *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) (quoting *Green v. City of New York*, No. 05–CV–0429 (DLI)(ETB), 2006 WL 3335051, at *2 (E.D.N.Y. Oct. 23, 2006)). Here, Defendants filed the Motions over a month after the Court set a briefing schedule for Plaintiffs' proposed Motion for Summary Judgment and three days after Defendant was served with said motion.

Interlocutory appeal is a rare exception where, in the discretion of the district judge, it may avoid protracted litigation. *Century Pacific, Inc. v. Hilton Hotels Corp.*, S.D.N.Y. 2008, 574 F. Supp. 2d 369. Yet, "the fairest and most expeditious way to resolve all the complicated issues in this case is to set the case down for trial, resolve all pending claims after which a single appeal to the Court of Appeals may be asserted by any party." *Fezzani v. Bear, Stearns & Co. Inc.*, No. 99 CIV. 0793 (PAC), 2023 WL 2612454, at *4 (S.D.N.Y. Mar. 23, 2023) (quoting *U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras*, No. 98 CIV. 3099 (JGK), 2001 WL 585541, at *3 (S.D.N.Y. May 31, 2001)). Accordingly, the Court will not prolong this case any further and likewise will not issue a certificate of appealability and will address Plaintiff's Motion for Summary Judgment.

## CONCLUSION

In accordance with the foregoing, the Court DENIES Defendants' Motion pursuant to 28 U.S.C. § 1292(b), seeking certification for interlocutory appeal to the Second Circuit, this Court's March 31, 2024 Opinion & Order denying Defendants' Motion for Reconsideration of this Court's

September 14, 2022 Opinion & Order. Accordingly, the Court also DENIES the related Motion to stay the action pending determination of the certification.  The Clerk of the Court is respectfully directed to terminate the motions at ECF No. 109.

SO ORDERED.

SO ORDERED:

Dated: March 24, 2025
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge