```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

FENG XUE and CALCULUS TRADING
TECHNOLOGY, LLC,

        Plaintiffs,

 -against-

STEWART KOENIG and PRIME CONSULTING
INTERNATIONAL, LLC,

        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/31/2025
```

No. 19-cv-07630 (NSR) (AEK)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

  Plaintiffs Feng Xue ("Xue") and Calculus Trading Technology LLC ("Calculus") (collectively, "Plaintiffs") bring this action against Stewart Koenig ("Koenig") and Prime Consulting International, LLC ("PCI") (collectively, "Defendants") asserting violations under the Fair Labor Standards Act ("FLSA"), unspecified New York and New Jersey labor laws, common law failure to pay wages, quantum meruit, and New York's Freelancing Isn't Free Act (FIFA), N.Y.C.A.C. § 20-933(b)(3). (Complaint, "Compl.," ECF No. 1.)

  Presently before the Court is Plaintiffs' motion for partial summary judgment seeking payment for unpaid services in the amount of $50,798 plus prejudgment interest at the state rate of 9% against PCI[1]. For the reasons articulated below, Plaintiffs' motion is DENIED.

### FACTUAL BACKGROUND

  The facts below are taken from Plaintiffs' Local Rule 56.1 Statement ("Pltfs. 56.1", ECF

---

[1] Plaintiffs' motion for summary judgment and supporting materials use "Plaintiff" and "Plaintiffs" interchangeably and fails to specify which of the Defendants is the target of the motion. Defendants argue, and the Court agrees, that the motion seeks relief by Calculus against PCI based on the unpaid invoices issued by Calculus to PCI. In their Reply, Plaintiff stated that it was "completely fine with Plaintiffs" with Calculus as the movant and PCI as the target of the motion. (Reply at 1.)

No. 119), Defendants' Response to Plaintiffs' Local Rule 56.1 Statement ("Defts. Resp. 56.1", ECF No. 124), and the Parties' supporting documentation[2] and are uncontested except where otherwise indicated.

At the center of this action are withheld wages by PCI, a staffing agency controlled by Koenig, from Calculus, a limited liability company (LLC) through which Xue received payments for his software engineering work. In 2005, non-party Bank of New York Mellon Securities Group ("BNY" or "BNY-Cowen"), a securities trading firm, approached PCI about hiring an information technology ("IT") specialist for BNY's office in Iselin, New Jersey. (Koenig 2020 Declaration[3], "2020 Koenig Decl.," ¶ 24, ECF No. 50.) Following an interview, PCI hired Xue for the BNY position. (2020 Koenig Decl. ¶¶ 24–25.) PCI proceeded to make two logistical arrangements with Xue regarding his employment with BNY, respectively referred to by the parties as (1) "Try and Buy" (2020 Koenig Decl. ¶ 25); and (2) "corp. to corp." (2024 Xue Decl. ¶ 4). "Try and Buy" describes an arrangement where Xue would first work for BNY-Cowen as an IT "consultant" on a temporary basis; if the temporary employment "works out," BNY-Cowen would then hire Xue on a full-time basis. (2020 Koenig Decl. ¶ 25.) "Corp. to corp" refers to setting up an LLC through which to conduct all transactions with PCI. (2024 Xue Aff. ¶ 4.) The parties dispute whether the corp. to corp. arrangement was Plaintiffs' idea or if Xue created the LLC at Defendants' behest. (2024 Xue Decl. ¶ 4; 2024 Koenig Decl. ¶ 20.) Irrespective of impetus, Xue set up Calculus, to

---

[2] Motion for Partial Summary Judgment ("Mot.," ECF No. 115); Affirmation of David Abrams in Support of Motion ("Abrams Aff.," ECF No. 116); Declaration of Feng Xue in Support of Motion ("2024 Xue Decl.," ECF No. 117); Memorandum of Law in Support of Motion ("Pltf. Mem.," ECF No. 118); Plaintiffs' Rule 56.1 Statement ("Pltfs. 56.1," ECF No. 119); Reply Memorandum of Law in Support of Motion ("Reply," ECF No. 120); Declaration of Stewart Koenig in Opposition of Motion ("2024 Koenig Decl.," ECF No. 121); Declaration of Michael R. Gordon in Opposition of Motion ("Gordon Decl.," ECF No. 122); Memorandum Of Law in Opposition of ("Opp. Mem," ECF No. 123); Defendants' Counter Statement to Plaintiffs' Rule 56.1 Statement ("Defts. Resp. 56.1," ECF No. 124).

[3] *See* Koenig's Declaration in Support of Defendants' 2020 Motion for Summary Judgement (ECF No. 50), expressly incorporated by reference in Defendants' 2024 Memorandum in Opposition to Plaintiff's Motion.

2

serve as the vehicle through which Xue rendered services to BNY-Cowen and received payments from PCI. (2024 Xue Decl. ¶ 6.) The arrangement worked as follows: Xue worked directly for BNY-Cowen and Xue's compensation for work performed flowed from BNY-Cowen to PCI to Calculus, to Xue as an employee of Calculus. (2024 Xue Decl. ¶ 6; 2024 Koenig Decl. ¶ 18.) Xue held a 25% ownership interest and managed and Xue's wife held a 75% ownership interest. (2024 Koenig Decl. ¶¶ 20–24; *see also* Gordon Decl., Ex. 5.) The Parties dispute whether Calculus was a company of one, given Xue's wife's majority control in the LLC. (2024 Xue Decl. ¶ 5; 2024 Koenig Decl. ¶ 23.) Xue, through Calculus, invoiced and received payments from PCI for hourly work performed for BNY-Cowen regularly on a weekly basis. (2024 Xue Decl. ¶ 7.) PCI failed to make payments for services performed towards the end of 2017, totaling to $50,798 in unpaid invoices. (2024 Xue Decl. ¶ 9; Defts. Resp. at 4.) BNY-Cowen fully paid PCI for those services performed by Xue towards the end of 2017 which totaled to $50,798 in unpaid compensation. (Abrams Aff., Ex. 1; Defts. Resp 56.1 at 6.)

From these withheld wages arose the instant action.

## PROCEDURAL HISTORY

This matter has been ongoing for almost six years. On August 15, 2019, Plaintiffs commenced the instant action asserting wage-related claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* unspecified New York and New Jersey labor laws, common law for failure to pay wages, quantum meruit, and FIFA. (ECF No. 1.) On October 25, 2019, PCI and Koenig answered by filing of affirmative defenses and counterclaims sounding in tort and contract law. (ECF No. 9.)

Defendants later moved to dismiss Plaintiffs' FLSA claims for lack of subject matter jurisdiction and for summary judgment, respectively under Federal Rules of Civil Procedure 12(b)(1) and 56 (ECF Nos. 49–57), while Plaintiffs moved to dismiss Defendants' amended

counterclaims (ECF Nos. 72–76). On September 14, 2022, the Court denied Defendants' motions to dismiss Plaintiff's FLSA claims for lack of subject matter jurisdiction and for summary judgment and granted Plaintiffs' motion to dismiss Defendants' amended counterclaims. (*See* ECF No. 78.) Defendants then moved, pursuant to Fed. R. Civ. P. 54(b) and Local Rule 6.3, for reconsideration of the Court's September 14, 2022 Opinion & Order (ECF No. 78). (*See* ECF No. 84.) Plaintiffs filed an opposition. (ECF No. 89.) By an Order issued on March 31, 2024, this Court denied Defendants' motion for reconsideration. (ECF No. 99.) Defendants further moved to certify for interlocutory appeal to the Second Circuit Court the March 31, 2024 Order denying Defendants' Motion for Reconsideration of the September 2022 Order. On March 24, 2025, this Court denied said motion and proceeded to address Plaintiffs' instant motion for partial summary judgement.

## LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, including depositions, documents, affidavits, or declarations "which it believes demonstrate[s] the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may support an assertion that there is no genuine dispute of a particular fact by "showing ... that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the nonmoving party to raise the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). To oppose summary judgment, "[s]tatements that are devoid of any specifics, but replete with conclusions" will not suffice. *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (holding the

4

nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (holding the nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation" (internal quotations and citations omitted)).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009); *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008); *Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013). Courts must "draw all rational inferences in the non-movant's favor" when reviewing the record. *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (citing *Anderson*, 477 U.S. at 248). Importantly, "the judge's function is not [ ] to weigh the evidence and determine the truth of the matter" or determine a witness's credibility. *Anderson*, 477 U.S. at 249. Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250. A court should grant summary judgment when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

## DISCUSSION

Plaintiffs' motion for partial summary judgment is denied because Plaintiffs' motion is procedurally deficient. Plaintiffs fail to properly identify the claims for which they seek partial summary judgment, as required under Fed. R. Civ. P. 56. Under Rule 56, "a party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Here, Plaintiffs significantly fall short of these requirements. The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying which materials it believes "demonstrate the absence of a genuine issue of material fact." *Celotex*, *supra*,

5

477 U.S. at 323, 106 S.Ct. at 2553. Plaintiffs' Local Rule 56.1 Statement of Material Fact contains ten facts. The argument section in Plaintiffs' accompanying Memorandum of Law in Support of their Motion for Partial Summary Judgment consists of only three conclusory sentences laying out their legal argument, none of which clearly inform of the Court of the basis for their motion:

> (1) As an initial matter Calculus is entitled to partial summary judgment in the amount of $50,798 representing the wages/invoices which are indisputably unpaid. (2) Additionally, Calculus is entitled to 9% state law prejudgment interest. *See Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 90 (2d Cir. 1983). (3) Additionally, Calculus is entitled to double-damages and attorney's fees under the Freelancing Act. See N.Y.C.A.C. § 20-933(b)(3). (Pltf. Mem. at 3.) (enumeration added)

The Court begins with the first sentence. While the amount and nonpayment are not in dispute, Plaintiffs do not identify the legal theory or framework under which they seek payment for the unpaid amount. Even if the Court looks to the Complaint or Plaintiffs' submissions for the instant motion to attempt to surmise for which claims or parts of claims Plaintiffs seek partial summary judgment, the deficiencies are not remedied. In the Complaint, Plaintiffs aver that PCI violated, *inter alia*, the FLSA, unstated New York and New Jersey labor laws, and common law for failure to pay wages by not paying Xue his work for the last 3 months of 2017. Neither the Complaint nor Plaintiff's supporting materials for the instant motion provide a specific legal theory under which Plaintiff seeks to obtain unpaid monies or explains how Calculus' employment relationship with PCI necessitates relief. The Court declines to "scour the record" for such evidence when the movant has not brought it to the Court's attention. *See Kaye v. New York City Health & Hosps. Corp.*, No. 18-CV-12137, 2023 WL 2745556, at *2 (S.D.N.Y. Mar. 31, 2023).

In the second sentence of the argument section, Plaintiffs proffer that Calculus is entitled to 9% state law prejudgment interest based on *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 90 (2d

6

Cir. 1983). Plaintiffs both miscite *Marfia*[4] and fail to elucidate the Court as to why it is applicable here. In *Marfia*, for much-needed context that Plaintiffs do not provide, Plaintiff Antonio Marfia brought an action against his former employer, the New York branch of a Turkish bank, defendant T.C. Ziraat Bankasi, New York Branch ("TCZB"), and its General Manager, Ozer Ozman, after TCZB dismissed Marfia from his position as its Senior Vice President in 1987. *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 84 (2d Cir. 1998), *holding modified on other grounds by Baron v. Port Auth. of New York & New Jersey*, 271 F.3d 81 (2d Cir. 2001). Marfia raised federal and state law claims of age and national origin discrimination, as well as state law claims of fraud and breach of an implied contract of employment. *Id*. at 85. The cause was originally tried to a jury in May 1995, and the jury found for Marfia on all claims except age discrimination. On appeal, the Second Circuit vacated the judgment of the district court and remanded for a new trial. *See Marfia v. T.C. Ziraat Bankasi*, 100 F.3d 243 (2d Cir. 1996). The cause was retried in June 1997, this time against TCZB alone, the claims against Ozer Ozman having been dropped by Marfia. The jury found for Marfia on the claim for breach of implied contract, awarding $377,077 in backpay, and found for defendant on the remaining claims. *See Marfia v. T.C. Ziraat Bankasi*, 968 F. Supp. 152 (S.D.N.Y. 1997). After awarding prejudgment interest calculated on a compound basis, *see id.* at 154, the district court entered a final judgment for plaintiff in the amount of $653,742.97.

TCZB appealed that judgment partially on the grounds that the court erred in adopting plaintiff's proposed methodology for calculating prejudgment interest and in calculating prejudgment interest on a compound basis. Because under New York law prejudgment interest on an award of damages for breach of contract in the circumstances presented must be calculated on a simple interest basis, the Second Circuit vacated the judgment of the district court insofar as it

---

[4] The proper citation for Marfia is *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 90 (2d Cir. **1998**). Plaintiffs' citation erroneously indicates that the case was decided in 1987, which predates Marfia's termination by eleven years.

erroneously calculated prejudgment interest on a compound basis and remanded for recalculation of interest. It is unclear to the Court how and why *Marfia* is applicable and relevant here. It is not the Court's responsibility to construct Plaintiffs' legal arguments. Accordingly, without much more, the Court cannot properly address Plaintiffs' nonexistent arguments.

The final sentence in Plaintiff's argument section contends that Calculus is entitled to double-damages and attorney's fees under New York's Freelancing Isn't Free Act ("FIFA"), N.Y.C.A.C. § 20-933(b)(3). Even if the Court provides the legal standard under FIFA for Plaintiffs—i.e., establishing that Plaintiffs were "freelance worker[s]," which in turn is defined as "any natural person or any organization composed of no more than one natural person, whether or not incorporated or employing a trade name, that is hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation," (*Frisch v. Likeopedia, LLC*, No. 23 CIV. 3904 (VM), 2024 WL 3938345, at *8–9 (S.D.N.Y. Aug. 26, 2024)); Plaintiffs do not meet their initial burden of pointing to evidence in the record "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex* at 323.

Further, despite Defendants noting the lack of clarity and legal theory in Plaintiffs' materials, Plaintiffs neglected to assuage any confusion or remedy their fatally deficient motion in their Reply. In their Reply, Plaintiffs simply stated that Defendants' "only objections to the motion appear to be that partial summary judgment should be in favor of Calculus and against Prime," to which Plaintiff did not take issue. (Reply at 1.) Plaintiffs misunderstand Defendants' position. Because Plaintiffs have filed a legally insufficient motion for partial summary judgment neither Defendants nor the Court can ascertain the legal arguments under which Plaintiffs seek relief to a degree that militates a fulsome response or objection. In their Reply, Plaintiffs argue that they are entitled to compensation under FIFA and by way of quantum meruit. However, Plaintiffs' submission does not describe the elements of the cause of action, nor, *a fortiori*, does it "marshal

8

undisputed evidence to support these elements." *Murphy v. Villanova Univ.*, 520 F. Supp. 560, 563–64 (E.D. Pa. 1981). Plaintiffs' submissions are tantamount to an "invitation [for us] to scour the record, research any legal theory that comes to mind, and serve generally as an advocate for [Plaintiffs]." *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002) (quoting *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999)). The Court declines that invitation.

In sum, Plaintiffs' submissions fail to specify the substantive laws governing the case or discuss the propriety of summary judgment under the implied causes of action. *See, e.g.*, *Williams v. NYS Dep't of Corr. & Cmty. Supervision*, No. 17-CV-317 (WFK), 2024 WL 5356146, at *8 (E.D.N.Y. Dec. 13, 2024) ("[J]udges are not like pigs, hunting for truffles buried in the record.") (quoting *Albrechtsen v. Bd. of Regents of Univ. of Wis. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002); *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 405-06 (6th Cir. 1992) ("Nothing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record.... What concept of judicial economy is served when judges ... are required to do the work of a party's attorney?"). While Courts in this Circuit have allowed *pro se* movants to resubmit motions for summary judgment when they exhibit similar procedural deficiencies, Plaintiffs have had retained counsel at every juncture of this case and such a remedy would be inappropriate. *See, e.g.*, *Wali v. One Source Co.*, 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009) ("[T]he Court retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions."). At least in a counseled case, however, it is "not [the Court's] job" to "look[ ]into the record to document the 'facts' posited in his 'statement of the case,' and then examin[e] various combinations of these facts in the light of the legal doctrines he later mentions." *Sioson*, 303 F.3d at 460. Thus, in order to survive a motion for summary judgment, Plaintiffs' counsel "must specifically identify relevant facts and explain" why

those facts justify granting the summary judgment motion. *See Collins v. City of New York*, No. 14-CV-08815 (AJN), 2017 WL 11582468, at *2 (S.D.N.Y. July 10, 2017). While the Court in *Collins* addressed the burden of the nonmovant in identifying pertinent facts and explaining why those facts would justify the Court denying a motion for summary judgment, the Court notes that a movant's initial burden to justify granting is even greater. *See Celotex*, *supra*. Under these circumstances, the Court cannot enter summary judgment for the Plaintiffs and denies the motion with prejudice.

## CONCLUSION

For the above reasons, the Court DENIES Plaintiffs' motion for summary judgment with prejudice. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 115.

A Pretrial Teleconference is scheduled for **May 1, 2025 at 12:00 noon**. To access the Webex Teleconference, please follow these directions: (1) Dial the Meeting Number: 855-244-8681; (2) Enter the Access Code: 2310 494 3855; and (3) press pound (#) to enter the teleconference.

**SO ORDERED.**

Dated: March 31, 2025
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge